DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| **LESLIE DUBERRY-EL,** )<br>)<br>                    **Plaintiff,** )<br>          v. )<br>)<br>**VIRGIN ISLANDS DEPARTMENT OF** )<br>**CORRECTIONS and DEBRA LIBURD,** )<br>Re-Entry Program Coordinator, )<br>)<br>                    **Defendants.** )<br>_____) | Civil Action No. 2016-0013 |

**Appearances:**
**Leslie Duberry-El,** *Pro Se*

### MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on an Order and Report and Recommendation ("R&R") issued by Magistrate Judge George W. Cannon, Jr. (Dkt. No. 7), pursuant to an initial screening of *pro se* Plaintiff Leslie Duberry-El's ("Plaintiff") Amended Complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. In his R&R, the Magistrate Judge recommends that Plaintiff's Amended Complaint (Dkt. No. 5) be dismissed without prejudice. For the reasons that follow, the Court will accept the Magistrate Judge's R&R, as modified herein, and dismiss Plaintiff's Amended Complaint.

**I.     BACKGROUND**

Plaintiff is a Virgin Islands inmate who was convicted of kidnapping with intent to commit robbery, kidnapping, first-degree robbery, first-degree assault, grand larceny, and unlawful use of a motor vehicle in 1990. *Gov't of Virgin Islands v. Duberry*, 923 F.2d 317, 318-19 (3d Cir. 1991).

1

He was given one life sentence on the two kidnapping counts and a 15-year sentence, to be served consecutive to the life sentence, on the other counts. *Id.* at 319-20.

When Plaintiff initiated this action, he did so by sending a typed letter—which was docketed as a Complaint (Dkt. No. 1)—from the Golden Grove Adult Correctional Facility ("Golden Grove") on St. Croix. The Court granted Plaintiff an additional 60 days to file a proper complaint with a standard *pro se* civil rights packet provided to Plaintiff by the Clerk's Office. (Dkt. No. 2). Plaintiff then filed an Amended Complaint, in which he brought claims pursuant to 42 U.S.C. § 1983. (Dkt. No. 5 at 1). Under "Relief Requested," Plaintiff checked the boxes for both monetary damages and injunctive relief. *Id.* at 4.

In the Amended Complaint, Plaintiff alleges that he became eligible for parole after he served 15 years of the life sentence. *Id.* at 3. He states that "[t]o the best of [his] knowledge of policies and procedures, it is customary [for] the Bureau of Corrections Re-Entry Program coordinator to schedule a parole hearing every 6 months after the initial parole hearing." *Id.* He further alleges that as of September 16, 2016—the date he filed the Amended Complaint—"a total of 6 hearings have been deliberately overlooked and unexplained" and that it had been three years since his last parole hearing, which took place on May 30, 2013.[1] *Id.* at 3-4. To this end, Plaintiff argues that Defendants are violating his rights under the Eighth and Fourteenth Amendments, "Equal Protection," "Due Process Clauses[,]" and "Laws of the U.S. Virgin Islands and U.S.

---

[1] On page 3 of the Amended Complaint, Plaintiff states that "[a]fter serving 23 years, Plaintiff applied for parole and was afforded a parole hearing on May 30, 2016." *Id.* at 3. The Court will assume that Plaintiff made an error and that the year of the parole hearing was 2013, because he specifies on page 2 of the Amended Complaint that the events giving rise to his claim occurred "[s]ix months after *May 30, 2013* to date of this filing and/or September 2016." (emphasis added). Additionally, in May 2016, he would have served 26 years of his sentence, not 23 years, as he states. Further, if Plaintiff had a parole hearing in 2016, it would have been inaccurate for him to say that he had not had a parole hearing in three years.

2

Constitution." *Id.* at 2.

Following the filing of the Amended Complaint, the Magistrate Judge screened it pursuant to the Court's authority under 28 U.S.C. § 1915. The Magistrate Judge recommended that the Amended Complaint be dismissed, because Plaintiff had not identified any authority to support his position that he was entitled to a parole hearing. (Dkt. No. 7 at 4-5). The Magistrate Judge found that, following the denial of an application for parole, there is no "legitimate claim of entitlement" to an automatic reconsideration of such denial every six months under Virgin Islands law. *Id.* at 6. Thus, the Magistrate Judge concluded that Plaintiff had failed to state a claim for relief. *Id*. Plaintiff did not file any objections to the Magistrate Judge's ruling.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Review of Magistrate Judge's R&R

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where—as here—the party fails to file timely objections, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Third Circuit has determined, however, that as a matter of good practice, district courts should "afford some level of review to dispositive legal

issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007) ("[P]lain error review is appropriate where a party fails to timely object to a magistrate judge's R&R."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 F. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'"). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

**B.  42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 offers private citizens a cause of action for violations by state officials of rights "secured by the Constitution and laws . . . ." *See* 42 U.S.C. § 1983. The statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

Thus, to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.  DISCUSSION

In the Amended Complaint, Plaintiff seeks monetary damages and injunctive relief for alleged violations of his rights under the Eighth and Fourteenth Amendments, "Equal Protection," "Due Process Clauses[,]" and "Laws of the U.S. Virgin Islands and U.S. Constitution." He states that these violations stem from Defendants' failure to automatically reconsider his parole application every six months. However, there is no such entitlement under either federal or local law. There is thus no error in the Magistrate Judge's conclusion that this case should be dismissed for failure to state a claim upon which relief can be granted.

It is well established that Plaintiff does not have a federally protected constitutional right to parole. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Nor does the Virgin Islands parole scheme grant such a right. Section 4601 of Title 5 of the Virgin Islands Code ("Section 4601") states, in pertinent part:

> Except for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined in any penitentiary, jail or prison for a violation of the Virgin Islands law for a definite term or terms of over 180 days or for the term of his natural life, whose record of conduct shows that he has observed the rules of the institution in which he is confined, *upon recommendation of the Director of the Bureau of Corrections* supported by the recommendation of a psychiatrist and/or psychologist, *may be released on parole* after serving one-half of such term or terms or after serving 15 years of a life sentence or of a sentence of 30 years or

5

> more or after serving the minimum sentence required by law, whichever is greater [. . . .]

5 V.I.C. § 4601 (emphasis added). In *Smith v. Emps. of the Bureau of Corr.,* 64 V.I. 383, 388 (2016), the Supreme Court of the Virgin Islands conducted an extensive analysis of Section 4601 and explained that "[n]othing in this statute provides that any inmate possesses a right to parole, whether early or otherwise." Thus, the court explained, Section 4601 is purely discretionary, and "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* The court went on to state that "the statute expressly provides that an inmate may not even be considered for parole without the recommendation of the Director of the Bureau of Corrections" and that "early parole is a privilege and not a right." *Id. See also Baptiste v. Bureau of Corr.*, 18 V.I. 597, 599-600 (D.V.I. 1981) ("The scheme of the Virgin Islands Parole Statute, and the regulations implementing it, is that if certain requirements are met, parole *may* be granted. There is no mandate that it be granted.") (emphasis in original); *Josiah v. Farrelly*, 28 V.I. 101, 115 (Terr. V.I. 1993) ("[N]either the United States Constitution nor the Virgin Islands' discretionary parole statute provides plaintiff with a protectible liberty interest in parole nor does the local statute create a legitimate expectation of parole. The Virgin Islands statute only establishes a discretionary parole system.").

Nor can Plaintiff find refuge in the applicable Rules and Regulations which provide that "[o]nce an applicant for parole has been denied parole by the Parole Board, he shall not be considered again for parole by the Parole Board for six months subsequent to such denial except when a shorter period is so stipulated at the time of denial." 5 V.I.R. & R. § 4601-6 ("Rule 4601-6"). To the extent that Plaintiff relies on Rule 4601-6 as the basis for his claim that he is entitled to a parole hearing every six months, such reliance is misplaced. The Rule does not provide Plaintiff any rights at all, but rather, establishes only that the Parole Board *would not consider* a

renewed application for parole until at least six months after denying parole. Thus, there is no support for Plaintiff's claimed violations of his constitutional rights in either the Rule upon which he relies or in any other local or federal law. (Dkt. No. 7 at 4).

In sum, the Court finds no error in the Magistrate Judge's ruling that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted.

## IV.   CONCLUSION

Upon the Court's review of the record in this case, the Magistrate Judge's R&R will be accepted as modified herein, and the Amended Complaint will be dismissed.

An appropriate Order accompanies this Memorandum Opinion.

Date:   August 31, 2020                                   _____/s/_____
                                                                     WILMA A. LEWIS
                                                                     Chief Judge